UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: Bradley A. Romero and Sarah A. Romero, Debtor(s). | Bankruptcy No. 08 B 73024<br>Chapter 13<br>Judge Manuel Barbosa |
|---|---|

## MEMORANDUM OPINION

This matter comes before the Court on the objection to confirmation of plan filed by the Chapter 13 trustee Lydia S. Meyer ("Trustee"), pursuant to 11 U.S.C. §§ 1324, 1325(b)(1)(B) and Fed. R. Bankr. P. 3015(f), on December 4, 2008. For the reasons set forth herein, the Court sustains Trustee's objection to confirmation.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L).

## FACTS AND BACKGROUND

On September 18, 2008, debtors Bradley A. Romero and Sarah A. Romero ("Debtors") filed a voluntary Chapter 13 bankruptcy petition. On the same date, Debtors filed a Chapter 13 plan and a Chapter 13 statement of current monthly and disposable income (form "B22C"). At the time of filing, Debtors owned a second residence located at 55 Bowman Road, Unit 306, Wisconsin Dells, Wisconsin. Debtors are in default to the mortgage company on the second residence. The § 341(a) meeting of creditors was held on November 4, 2008.

On November 26, 2008, Debtors filed a modified Chapter 13 plan. Pursuant to the proposed plan, Debtors sought to surrender their interest in the second residence. Debtors were over the median income in Illinois and, pursuant to 11 U.S.C. § 1325(b)(3), Debtors calculated

1 of 7

their disposable income, pursuant to 11 U.S.C. § 707(b)(2). On November 26, 2008, Debtors filed another Chapter 13 statement of current monthly and disposable income (form "B22C") for the means test.

On December 4, 2008, pursuant to 11 U.S.C. §§ 1324, 1325(b)(1)(B) and Fed. R. Bankr. P. 3015(f), Trustee filed an objection to confirmation of Debtors' November 26 modified Chapter 13 plan. Without any case citations, Trustee asserts that Debtors should not be allowed to deduct payments due under their monthly mortgage payments for the second residence if they surrender their second residence. Trustee, inter alia, asserts that, in regards to Debtors' second residence, the amended B22C form should instead provide $0 in deductions on debt payment, on line 47(b), to First Midwest Bank and, on line 47(e), to Washington Mutual. Thus, Debtors' proposed plan payment is insufficient.

On January 29, 2009, Debtors filed a response to Trustee's objection to confirmation. As shown below, the amount of payments for Debtors' second residence is $1269.31 and these are currently listed as deductions on form B22C. Debtors' claim this deduction pursuant to 11 U.S.C. § 707(b)(2)(A)(iii)(I), citing In re Randle, 358 B.R. 360, 362-63 (Bankr. N.D. Ill. 2006), aff'd sub. nom Neary v. Randle, 2007 WL 2668727 (N.D. Ill. July 20, 2007) (allowing deduction under Chapter 7); In re Burmeister, 378 B.R. 227, 230 (Bankr. N.D. Ill. 2007) (allowing deduction in Chapter 13 context).

On February 10, 2008, Debtors filed a modified Chapter 13 plan. On March 26, 2009, Debtors filed an amended Chapter 13 statement of current monthly and disposable income. Debtors current B22C provides for a disposable monthly income of -$1085.40. Debtors' most recent plan provides for payment of $385 per month for 60 months to Trustee and 3% to the general unsecured creditors. Debtors have no unexempt equity in any of their property. On Debtors' second residence, the amended B22C form provides for deductions on debt payment,

including: on line 47(b), $300 per month to First Midwest Bank; and, on line 47(e), $969.31 per month to Washington Mutual.

On February 18, 2009, Trustee filed another objection to confirmation, pursuant to 11 U.S.C. §§ 1324, 1325(b)(1)(B). Again, Trustee, inter alia, asserts that, in regards to Debtors' second residence, the amended B22C form should provide $0 in deductions on debt payment, on line 47(b) to First Midwest Bank and, on line 47(e), to Washington Mutual. Thus, Trustee argues that Debtors' proposed plan payment is insufficient.

## DISCUSSION

The Seventh Circuit has not expressly ruled on the issue of whether to allow deductions when Chapter 13 debtors attempt to deduct payments due under their monthly mortgage payments for their second residence, if they surrender it. The Seventh Circuit, however, has recently held that an above-median-income Chapter 7 debtor who has no monthly vehicle loan or lease payment may claim a vehicle ownership expense deduction when calculating his disposable income under the means test. In re Ross-Tousey, 549 F.3d 1148, 1157 (7th Cir. 2008) (citing 11 U.S.C. § 707(b)(2)(A)(ii)(I)). The Seventh Circuit further held that the "plain language approach" of section 707(b)(2)(A)(ii)(I) is more strongly supported by the language and logic of the statute, rather than the IRS's Internal Revenue Manual ("IRM") viewpoint, often characterized as the "IRM approach." Id. at 1157-58.

There has been a split of authority in the bankruptcy courts within the Seventh Circuit on the issue at hand. Two bankruptcy courts in Illinois and one bankruptcy court in Wisconsin allowed deductions for surrendered second residences. In re Burmeister, 378 B.R. 227 (Bankr. N.D. Ill. 2007); In re Richardson, No. 08-82000, 2009 WL 65178, *1-3 (Bankr. C.D. Ill. Jan. 08, 2009); In re Kalata, No. 07-21710, 2008 WL 552856, *5 (Bankr. E.D. Wis. Feb. 27, 2008) (allowing pre-confirmation deductions and stating that, in cases where the debtors subtract

secured debt payments for collateral they plan to surrender, the trustee could move post-confirmation to modify the plan under 11 U.S.C. § 1329(a)(1) to increase the amount to be paid to unsecured creditors based on the debtor's actual ability to pay). In contrast, one Wisconsin bankruptcy court disagreed with Burmeister and declined to allow these deductions. In re Van Bodegom Smith, 383 B.R. 441, 449 (Bankr. E.D. Wis. 2008).

Section 1325(b)(1) requires the debtor to commit all "projected disposable income" to the plan. 11 U.S.C. § 1325(b)(1). Section 1325(b)(1) provides, in pertinent part:

> If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Trustee has objected, and, thus, this Court cannot confirm the debtors' plan unless, as of its "effective date," the plan provides for all of the debtors' "projected disposable income" to be committed to paying the unsecured creditors.

Section 1325(b)(2) defines "disposable income" as "current monthly income" minus "amounts reasonably necessary to be expended" for the support and maintenance of the debtor. While section 1325(b)(1) does not define "projected" disposable income, section 1325(b)(2)(A)(i) defines "disposable income" and states that "[f]or purposes of this subsection, the term 'disposable income' means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2)(A)(i). To determine whether the debtors are committing all of their "projected disposable income" to paying the unsecured creditors, a court first must determine the debtors' "disposable income" as defined by § 1325(b)(2). In re Van

Bodegom Smith, supra, 383 B.R. at 445.

Section 1325(b)(2) refers to "current monthly income" which is defined under § 101(10A) as "the average monthly income from all sources that the debtor receives . . . derived during the 6-month period ending on . . . the last day of the calendar month immediately preceding the date of the commencement of the case." 11 U.S.C. § 101(10A). To determine a debtor's "disposable income" under § 1325(b)(2), a court initially reviews the amount of income the debtors received during the six full months prior to the month in which they filed their petition.

Next, § 1325(b)(2) requires the debtors to subtract from the "current monthly income" the "amounts reasonably necessary to be expended for the maintenance or support of the debtor." 11 U.S.C. § 1325(b)(2). Congress defined "amounts reasonably necessary to be expended" under § 1325(b)(3), which states:

> Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than--
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
> (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
> (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $575 per month for each individual in excess of 4.

[11 U.S.C. § 1325(b)(3).]

Thus, if a debtor has a current monthly income, when multiplied by 12, that is greater than the amounts stated in § 1325(b)(3)(A)-(C), the statute requires that "amounts reasonably necessary to be expended . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)." 11 U.S.C. § 1325(b)(3).

With secured debts, § 707(b)(2)(A)(iii) (emphasis added) states:

    (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of--

     (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and

     (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's <u>primary residence</u>, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts; divided by 60.

[11 <u>U.S.C.</u> § 707(b)(2)(A)(iii)(I), (II).]

Some courts have previously indicated that debtors may deduct expenses for their <u>primary</u> residence, pursuant to 11 <u>U.S.C.</u> §§ 707(b)(2)(A)(iii), 1325(b)(3). See <u>In re Kalata</u>, No. 07-21710, 2008 WL 552856, at *6 (Bankr. E.D. Wis. Feb. 27, 2008); <u>In re Edmondson</u>, 371 <u>B.R.</u> 482, 485 (Bankr. D. N.M. 2007). Thus, the <u>Edmondson</u> court indicated that there appeared to be a fit within § 707(b)(2)(A)(iii)(II) to deduct for a mortgage payment on a primary residence. <u>In re Edmondson</u>, supra, 371 <u>B.R.</u> at 485; see also <u>In re Sallee</u>, No. 07-30776, 2007 WL 3407738, at *2 (Bankr. S.D. Ill. Nov. 15, 2007) (stating the same proposition as to either a primary residence or multiple vehicles).

In this Chapter 13 case, Debtors proposed in their plan to surrender the mortgaged second residence, and their plan did not make provision for any payments to be made to the mortgage creditors. The Court finds that there is a narrow distinction between a deduction for a primary residence as opposed to a deduction for a secondary residence under §§ 707(b)(2)(A)(iii)(II), 1325(b)(3). The plain language of § 707(b)(2)(A)(iii)(II) allows for a deduction of a "primary residence, motor vehicle, and other property necessary for the support of the debtor," but it does not expressly allocate a deduction for a second non-primary residence. The Court does not find that Debtors' second residence is reasonably necessary for the support of Debtors and, therefore, Debtors will not be allowed to deduct their second residence.

## CONCLUSION

For the foregoing reasons, the Court sustains Trustee's objection to confirmation.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: APR 13 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on April 13, 2009 to:

Lydia S. Meyer, Trustee
and Fiona Whelan
308 West State Street, Suite 212
P.O. Box 14127
Rockford, IL 61105-4127


Debra Vorhies Levine
Law Offices of Debra V Levine
53 W Jackson Blvd., Suite 909
Chicago, IL 60604


_____
Mimi Kuczynski, Judicial Assistant